Eastern District of Kentucky
FILED

MAR 1 6 2007

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**

CIVIL ACTION NO. 06-109

MARK E. MANN, SR., ET AL                                    PLAINTIFFS

VS.                    <u>MEMORANDUM OPINION AND ORDER</u>

JASON COMPTON, ET AL                                        DEFENDANTS


        This matter is before the court on defendants' motion to
dismiss (Doc. #8).

        The court heard oral argument on this motion on Wednesday,
March 14, 2007.  Gary Tabler represented the plaintiffs, and Mary
Ann Stewart represented the defendants.  Court reporter Lisa
Wiesman recorded the proceedings.

        Having heard the parties, the court now issues the following
memorandum opinion and order.

### *Factual and Procedural Background*

_____On November 15, 2002, plaintiffs, Mark E. Mann, Sr., Mark E.
Mann, Jr., Nolan E. Mann, and Grace Mann resided at 3459 Idlewild
Road in Burlington, Kentucky.  On that date, defendants arrived
at the residence to investigate plaintiffs for engaging in the
possession, cultivation, or trafficking in controlled substances.

        Plaintiffs allege that, during this investigation, they were
restrained, threatened and physically abused by defendants, who
were attired in military dress and armed with deadly weapons.

Plaintiffs Mark Mann, Sr. and Mark Mann, Jr. allege that they were coerced into signing statements confessing their guilt. Plaintiff Nolan Mann, another son of Mark Mann, Sr., alleges that he was kicked in the head by an unknown defendant.  Plaintiff Grace Mann, who was then 17 years old, alleges that she was restrained and threatened with being taken to the Juvenile Detention Center and was not allowed to call her mother during this incident.

Plaintiffs allege that as a result of this incident, plaintiff Nolan Mann was wrongfully convicted of a felony and is now incarcerated; plaintiff Mark Mann, Jr. was also convicted of a felony and is on pretrial diversion; and plaintiff Mark Mann, Sr. was convicted of a felony and is on criminal probation.

Plaintiffs filed this action on May 30, 2006.  (Doc. #1) Defendants thereafter filed a motion to dismiss, which was fully briefed.  On September 11, 2006, plaintiffs filed an amended complaint which expounds on the RICO claims but is otherwise substantively the same as the original complaint.  (Doc. #16) The claims asserted in the amended complaint are: (1) RICO, 18 U.S.C. § 1961; (2) RICO conspiracy; (3) 42 U.S.C. § 1983; (4) "Civil Rights Conspiracy"; (5) "Official Misconduct" in violation of KRS 522.010; and (6)  "Organized Crime" under KRS 506.120.

2

### *Analysis*

## A.   42 U.S.C. § 1983 Claims (Counts III and IV)

A section 1983 claim alleging a violation of civil rights or personal injuries is governed by the applicable state's statute of limitations. *Wallace v. Kato*, 127 S. Ct. 1091, 1094 (2007) (citations omitted). Here, the parties agree that the applicable limitations period in Kentucky is one year.

The single incident giving rise to plaintiffs' § 1983 claims is the raid on their residence on November 15, 2002 and the ensuing arrest that same day of the three male plaintiffs. This action was not filed until May 30, 2006, more than three years later. On their face, then, these claims are time-barred.[1]

Apparently recognizing this point, plaintiffs argue that their § 1983 claims are timely by application of the "continuing violation" doctrine. Plaintiffs cite to *Kuhnle Brothers, Inc. v. County of Geauga*, 103 F.3d 516 (6th Cir. 1997), as support for this argument.

In *Kuhnle*, the Sixth Circuit held that the continuing violation doctrine applied to a substantive due process claim for deprivation of liberty based on a county's continued enforcement against the plaintiff trucking company of an ordinance

---

[1]While plaintiff Grace Mann was a minor on November 15, 2002, it is undisputed that she turned 18 years old on July 13, 2003. Thus, even applying the tolling provision of KRS 413.170, Grace Mann's claim would still have had to be brought on or befoe July 13, 2004.

3

restricting the company from using certain roads.  *Id.* at 521-22.
The court held that the ordinance actively deprived the company
of its asserted constitutional right every day that it remained
in effect and thus worked an ongoing violation of constitutional
rights.  *Id.* at 522.

Plaintiffs' claims here are distinguishable.  Their sole
predicate is the raid that occurred on plaintiffs' house on
November 15, 2002, and their ensuing arrests.  Plaintiffs'
argument that the fact that they remain either incarcerated or on
probation as a result of their subsequent convictions amounts to
a continuing violation of their civil rights is misplaced.

Both the Supreme Court and Sixth Circuit have held that a
civil rights claim accrues at the time that the plaintiff knows
or should have known of the allegedly discriminatory or unlawful
action upon which the claim is based, even though the ill effects
of such action may continue - or not even be felt -- until
sometime thereafter.  *See Delaware State College v. Ricks*, 449
U.S. 250, 258 (1980); *Tolbert v. State of Ohio Dep't of Transp.*,
172 F.3d 934, 940 (6th Cir. 1999) (noting that a continuing
violation is occasioned by continual unlawful acts, not continual
ill effects from an original violation; distinguishing *Kuhnle
Brothers*) (citation omitted).

Federal appellate courts thus have concluded that claims
under § 1983 for false arrest that are otherwise time-barred are

4

not saved by the continuing violation doctrine due to the plaintiff's continued incarceration following the arrest.  *See McCormick v. Farrar*, 147 Fed. Appx. 716, 721-22 (10th Cir. 2005) (holding that arrestee's § 1983 claim for false arrest and false imprisonment involved a discrete act that began and ended on day of arrest, and thus, even if action had continuing impact on arrestee until he was released two days later, continuing violation doctrine did not apply to extend statute of limitations period until end of arrestee's period of confinement); *Petaccio v. Davis*, 76 Fed. Appx. 442, 444-45 (3d Cir. 2003) (holding that incarceration does not create a "continuing violation" for purposes of § 1983 false arrest and imprisonment claim).

Therefore, even if plaintiffs remain incarcerated or on probation as a result of their allegedly unlawful arrest, this fact does not bring their claims within the "continuing violation" doctrine.  The § 1983 claims, which may otherwise have stated a claim based on allegations of excessive force, are thus time-barred and must be dismissed.

## B.   RICO Claims (Counts I and II)

In a civil RICO cause of action, any person who suffers injury to business or property caused by a violation of 18 U.S.C. § 1962 can sue for treble damages and attorney's fees.  *See* 18 U.S.C. § 1964(c).  To prove that the defendant violated one of the provisions of § 1962, the plaintiff must demonstrate a

"pattern of racketeering activity." *See* 18 U.S.C. § 1962(a).

"Racketeering activity" is defined as any violation of a series

of federal statutes listed in § 1961. *See* 18 U.S.C. § 1961(1).

Plaintiffs' amended complaint alleges the predicate acts of

"mail fraud" (¶ 46) and "extortion" (¶ 48). However, plaintiffs

make no <u>factual</u> allegations to support these legal conclusions,

and such conclusory legal assertions do not adequately plead a

RICO claim. *See Jennings v. Emry*, 910 F.2d 1434, 1438 (7th Cir.

1990) ("[I]n pleading predicate acts conclusory allegations that

various statutory provisions have been breached are of no

consequence if unsupported by proper factual allegations.").

An allegation of mail fraud, for example, requires showing a

"scheme or artifice to defraud" combined with a mailing for the

purpose of executing the scheme. *VanDenBroeck v. Commonpoint

Mortgage Co.*, 210 F.3d 696, 701 (6th Cir. 2000). Where mail

fraud is an alleged RICO predicate act, the circumstances

constituting such fraud must be stated with particularity

pursuant to Rule 9(b). *Id.* Plaintiffs' amended complaint

alleges no facts stating how defendants engaged in mail fraud or

what the alleged fraud was. Such bare legal conclusions,

unsupported by factual detail, do not adequately plead a RICO

predicate act. *Id.* at 702.

Similarly, plaintiffs provide no factual support for their

allegation of "extortion." Extortion means "the obtaining of

6

property from another, with his consent, induced by wrongful use
of actual or threatened force, violence, fear, or under color of
official right." 18 U.S.C. § 1951(b)(2). Plaintiffs do not
allege that defendants obtained any property from them, only that
they unlawfully interrogated and arrested them. The amended
complaint thus fails adequately to plead the predicate act of
extortion. *See Stanson v. Calligan*, Nos. 91-16028, 91-16217,
1993 WL 17014, at *3 (9th Cir. Jan. 26, 1993) (allegation that
defendants sought to destroy plaintiff financially fails to
allege extortion in absence of factual allegation that defendants
obtained property from plaintiff).

As the Seventh Circuit recently noted, "RICO is not a
substitute for every time-barred tort or civil rights action."
*Gamboa v. Velez*, 457 F.3d 703, 710 (7th Cir. 2006). For the
reasons stated, the RICO allegations are insufficient to state a
claim upon which relief may be granted.

### C.   State Law Claims (Counts V and VI)

Given that plaintiffs' federal causes of action fail to
state a claim, the court will decline to exercise its
supplemental jurisdiction over plaintiffs' state law claims,
pursuant to 28 U.S.C. § 1967.

7

Therefore, having heard the parties, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that defendants' motion to dismiss (Doc. #8) be, and is hereby, **GRANTED**.  Plaintiffs' federal claims are **DISMISSED WITH PREJUDICE**, and plaintiffs' state law claims are **DISMISSED WITHOUT PREJUDICE**.  A separate judgment shall enter concurrently herewith.

This 16th day of March, 2007.



**Signed By:**
**William O. Bertelsman** _WOB_
**United States District Judge**

TIC: 13 min.

8